EDITH H. JONES, Circuit Judge,
with whom JERRY E. SMITH, Circuit Judge, joins, specially concurring:
I am pleased to concur in Judge Emilio M. Garza’s special concurrence. I also concur in the majority opinion, which, like every other federal circuit, rejects the plaintiffs claim that compulsory school attendance laws give rise to a constitutional special relationship between a student and the school. The special relationship doctrine has been inferred from the Fourteenth Amendment due process clause and currently protects those in involuntary state custody, i.e. prisoners and the mentally ill or retarded, from mistreatment by third parties. Absent intervention by the Supreme Court, no such special relationship protects children in public schools under compulsory attendance laws. Elsewhere I have noted the incongruity and shallow logic underlying the distinction between children in public schools and those who are involuntarily confined fall-time. Johnson v. Dallas Independent School Dist., 38 F.3d 198, 203 n. 7 (5th Cir.1994). Nevertheless, I concur in this en banc outcome not because the legal distinction has suddenly become persuasive but because there is no realistic alternative. The Constitution does not compel our intervention, and there is no assurance that creating a whole new class of constitutional protections for public school children would be a successful undertaking. A generation of judicial social engineering in the prisons and state-run institutional care facilities has produced dubious results that counsel judicial humility. Thus, while I remain outraged and saddened that public schools too often fail shockingly to take steps necessary to insure the students’ safety, emotion must give way to reason. Reform must be instituted and guided by our people and their direct representatives, not by court decrees.